WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro Guillot,<br><br>              Plaintiff,<br><br>vs.<br><br>Joseph M. Arpaio, et al.,<br><br>              Defendants. | No.   CV 14-0456-PHX-RCB (DKD)<br><br>**O R D E R** |

Plaintiff Pedro Guillot, who is confined in the Maricopa County Durango Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2).  The Court will dismiss the Complaint with leave to amend.

**I.       Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $10.00.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

. . .

. . .

**JDDL-K**

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

1   If the Court determines that a pleading could be cured by the allegation of other
2   facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal
3   of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).
4   Plaintiff's Complaint will be dismissed for failure to state a claim, but because it may
5   possibly be amended to state a claim, the Court will dismiss it with leave to amend.

**III.   Complaint**

Plaintiff names Maricopa County Sheriff Joseph M. Arpaio and the Maricopa County Sheriff's Office as Defendants in the Complaint.

Plaintiff raises three claims for relief.  In Count One, Plaintiff claims the food he is given contains less than 2000 calories, there is no drink with dinner, meat is really greasy, portions are inadequate, fruit is dry or rotten, milk in the morning was taken away, and food is always cold.

In Count Two, Plaintiff alleges there are four men in a cell, the buildings have asbestos, there are not enough tables and chairs, there is not enough room to move around, and there are only two toilets and two showers for 64 men.

In Count Three, Plaintiff alleges air conditioning is always under 68 degrees, that he is not given extra blankets or clothes, there is improper ventilation, and "[they] won't take you to medical when sick."

Plaintiff seeks money damages.

**IV.   Failure to State a Claim**

    **A.   Defendants**

        **1.   Arpaio**

To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  There is no *respondeat superior* liability under § 1983, and therefore, a defendant's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability.  *Monell v. New York City Dep't*

1  *of Soc. Servs.*, 436 U.S. 658, 691-92 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067
2  (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Because vicarious
3  liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each
4  Government-official defendant, through the official's own individual actions, has
5  violated the Constitution." *Iqbal*, 556 U.S. at 676.

6  Plaintiff has not alleged that Defendant Arpaio personally participated in a
7  deprivation of Plaintiff's constitutional rights, was aware of a deprivation and failed to
8  act, or formed policies that resulted in Plaintiff's injuries. Accordingly, Plaintiff has
9  failed to state a claim against Defendant Arpaio.

### 2. Maricopa County Sheriff's Office

11  The Maricopa County Sheriff's Office is not a proper defendant. In Arizona, the
12  responsibility of operating jails and caring for prisoners is placed by law upon the sheriff.
13  *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is
14  simply an administrative creation of the county sheriff to allow him to carry out his
15  statutory duties and not a "person" amenable to suit pursuant to § 1983. Accordingly, the
16  Maricopa County Sheriff's Office will be dismissed from this action.

### B. Failure to Allege a Constitutional Violation

18  Section 1983 provides a cause of action against persons acting under color of state
19  law who have violated rights guaranteed by the United States Constitution and federal
20  law. 42 U.S.C. § 1983; *see also Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir.
21  1995). Plaintiff has failed to allege any constitutional or federal-law violations.

22  A pretrial detainee's claim for unconstitutional conditions of confinement arises
23  from the Fourteenth Amendment Due Process Clause rather than from the Eighth
24  Amendment prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S.
25  520, 535 and n.16 (1979). Nevertheless, the same standards are applied, requiring proof
26  that the defendant acted with deliberate indifference. *See Frost v. Agnos*, 152 F.3d 1124,
27  1128 (9th Cir. 1998).

JDDL-K

- 4 -

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To state a claim of deliberate indifference, plaintiffs must meet a two-part test. "First, the alleged constitutional deprivation must be, objectively, sufficiently serious"; and the "official's act or omission must result in the denial of the minimal civilized measure of life's necessities." *Id.* at 834 (internal quotations omitted). Second, the prison official must have a "sufficiently culpable state of mind," i.e., he must act with "deliberate indifference to inmate health or safety." *Id.* (internal quotations omitted). In defining "deliberate indifference" in this context, the Supreme Court has imposed a subjective test: "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, *and* he must also draw the inference." *Id.* at 837 (emphasis added).

Even if Plaintiff had named proper Defendants, the Court would be unable to construe his claims as raised pursuant to the Fourteenth Amendment because he has failed to allege facts showing that a specific, individually named Defendant was aware of a serious risk of harm to Plaintiff and failed to act. Accordingly, Plaintiff has failed to state a claim in any of his three grounds for relief.

**V.   Leave to Amend**

For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

If Plaintiff files an amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of

Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo*, 423 U.S. at 371-72, 377.

Plaintiff must repeat this process for each person he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. **Conclusory allegations that a Defendant or group of Defendants has violated a constitutional right are not acceptable and will be dismissed**.

Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." The first amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original Complaint by reference. Plaintiff may include only one claim per count.

A first amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

**VI. Warnings**

**A. Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

**B. Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion

1  for other relief with a notice of change of address. Failure to comply may result in
2  dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

### E. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $10.00.

. . .

. . .

JDDL-K

1  (3)  The Complaint (Doc. 1) is **dismissed** for failure to state a claim.  Plaintiff has **30 days** from the date this Order is filed to file a first amended complaint in compliance with this Order.

4  (4)  If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

7  (5)  The Clerk of Court must mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

DATED this 16th day of June, 2014.

Stephen M. McNamee
Senior United States District Judge